United States District Court
Southern District of Texas

**ENTERED**
April 19, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| US CONSTRUCTION SERVICES, LLC, | § § | CASE NO: 21-80029 |
| Debtor. | § § § | CHAPTER 7 |
| RANDY W. WILLIAMS, CHAPTER 7 TRUSTEE, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | ADVERSARY NO. 23-8016 |
| KEVIN MACMILLIAN and DENIA MACMILLIAN, | § § § § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Withdraw Automatic Reference (ECF No. 9) filed by defendants Kevin and Denia MacMillian. No response was filed in opposition. Pursuant to General Order No. 2011-12 in the United States District Court for the Southern District of Texas ("Authority of Bankruptcy Judges to Enter Final Orders"), as well as Bankruptcy Local Rule 5011-1, this Court makes the following report and recommendation to the District Court.

### Factual and Procedural Background

In the motion before the court, Kevin and Denia MacMillian request the District Court withdraw the reference of this adversary proceeding to its court. On February 09, 2021, US Construction Services, LLC (the "Debtor") filed the underlying bankruptcy case under Chapter 11 of the bankruptcy code. On August 17, 2021, the underlying case was converted to one under Chapter 7 of the bankruptcy code. On February 17, 2023, the chapter 7 Trustee filed a complaint against Kevin and Denia MacMillian commencing this Adversary Proceeding. The essence of the Complaint is that the Defendants owe money, in the amount of $99,762.68 for construction services done on Defendants' home, to the debtor. The Defendants' insurance company paid the agreed contract amount, but subsequently failed to pay additional overage payments. Thereafter,

debtor did not complete the construction job per the agreement. Based upon these allegations, the Trustee asserts claims against the Defendants for breach of contract pursuant to Texas Civil Practice & Remedies Code § 38.001(b)(1), (2), (3), and (8), and on a sworn account. The plaintiff trustee also sues for negligent and intentional misrepresentation. Defendants have not filed a proof of claim against the estate.

## Discussion

The district court for the Southern District of Texas exercises original jurisdiction over this adversary proceeding.[1] The adversary proceeding was filed with the bankruptcy court because the district court has generally referred all cases under title 11 of the United States Code, and all proceedings "arising under" title 11 or "arising in" or "related to" a case under title 11, to the bankruptcy judges.[2]

Under the appropriate circumstances, the automatic transfer can be withdrawn.[3] Section 157(d) requires mandatory withdrawal of the reference "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Additionally, the "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

Here, defendants seek a recommendation that the district court withdraw the reference on permissive grounds. The Fifth Circuit has previously held that district courts should decide "cause" for permissive withdrawal of the reference by considering whether:

    (1) The underlying lawsuit is a non-core proceeding;

    (2) Uniformity in bankruptcy administration;

    (3) Forum shopping and confusion will be reduced;

    (4) Economical use of debtors' and creditors' resources will be fostered;

    (5) The bankruptcy process will be expedited; and

    (6) A party has demanded a jury trial.[4]

---

[1] 28 U.S.C. §1334(a) and (b)
[2] *General Order 2012-6 Order of Reference to Bankruptcy Judges*, United States District Court Southern District of Texas, May 24, 2012
[3] 28 U.S.C. §157(d)
[4] *Holland Am. Ins. Co. v. Roy,* 777 F.2d 992, 999 (5th Cir. 1985).

The term "core proceeding" is not defined in the Bankruptcy Code. Title 28, United States Codes, Section 157(b) provides an illustrative list of proceedings that may be considered "core." However, even if designated as core, if the action arises only under state law and would not necessarily be resolved in the claims allowance process, then the bankruptcy court is constitutionally prohibited from entering final judgment.[5]

Absent a parties' consent, bankruptcy judges hear, but do not have authority to determine non-core claims. Rather, a bankruptcy court may only recommend proposed findings of fact and conclusions of law to the district court. However, if the parties consent, Section 157(e) authorizes a bankruptcy court to conduct jury trials, if the right to a jury trial applies, if specifically designated by the district court and if all parties expressly consent.

In this proceeding, all claims asserted by the Trustee are non-core state law causes of action.[6] The undersigned judge has not yet held any hearings in this adversary proceeding, and has only scheduled one status conference.[7] Accordingly, this Court has not gained any in-depth familiarity with the underlying facts. The Trustee initiated this Adversary Proceeding before this Court, the Defendants did not participate in the main Chapter 7 case before the Trustee initiated the adversary proceeding, and this Court has not issued any rulings against the Defendants; as such, there have been no rulings issued against the Defendants that would lead them to forum shop. The MacMillains have not filed claims against the debtor's bankruptcy estate, and have asserted a right to a jury trial.[8]

However, bankruptcy aims to maximize the efficient use of resources to administer the debtor's estate and resolve related litigation.[9] The plaintiff trustee is litigating several similar adversary proceedings related to the underlying debtor. As such, the interests of judicial economy and conservation of resources disfavor the withdrawal of reference.

### Recommendation

---

[5] *Stern v. Marshall*, 564 U.S. 462, 503 (2011); *BP RE, LP v. Waxahachie Dodge, LLC (In re BP RE, LP)*, 735 F.3d 279, 286 (5th Cir. 2013); *In re Frazin*, 732 F.3d 313, 317 (5th Cir. 2013).

[6] *In re The Heritage Organization, L.L.C.,* 454 B.R. 353, 360–61 (Bankr. N.D. Tex. 2011) ("The claim under [TUFTA] does not invoke a right created by title 11, and clearly exists outside of bankruptcy. Therefore, at most, it is a 'related to' claim under section 1334(b).").

[7] "If a bankruptcy court is already familiar with the facts of the underlying action, then allowing that court to adjudicate the proceeding will promote uniformity in the bankruptcy administration." *Johnson v. Williamson (In re British Am. Properties III, Ltd.)*, 369 B.R. 322, 327 (Bankr. S.D. Tex. 2007)

[8] *Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990); *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33 (1989); *Katchen v. Landy*, 382 U.S. 323 (1966).

[9] *Plan Adm'r v. Lone Star RV Sales, Inc. (In re Conseco Fin. Corp.)*, 324 B.R. 50, 55 (N.D. Ill. 2005).

Under these circumstances, this Court recommends that the district court withdraw the reference of this adversary proceeding. However, the undersigned judge requests that the District Court, if it withdraws the reference, then refer the Adversary Proceeding back to the undersigned judge for adjudication of all pretrial matters and a jury trial, if consented to by the parties.

SIGNED 04/18/2023

_____
Jeffrey Norman
United States Bankruptcy Judge