United States District Court
Southern District of Texas
**ENTERED**
May 08, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No: 21-80029 |
| US Construction SERVICES, LLC, | § | Chapter 7 |
| Debtor, | § | |
| Randy W. Williams, Chapter 7 Trustee, | § | |
| Plaintiff, | § | |
| VS. | § | Adversary No. 13-8016 |
| KEVIN MACMILLIAN, *et al.* | § | |
| Defendants. | § | |
| In Re: | § | |
| US Construction SERVICES, LLC, | § | |
| Debtor, | § | |
| Randy W. Williams, Chapter 7 Trustee, | § | Civil Case No. 3:23-cv-117 |
| Plaintiff, | § | |
| VS. | § | |
| KEVIN MACMILLIAN, *et al.* | § | |
| Defendants. | § | |

## **ORDER**

The motion before the court arises from an ancillary case in bankruptcy court. In 2021, US Construction Services, LLC, filed Bankruptcy Case No. 21-80029. In February 2023, the Chapter 7 Trustee sued the defendants, Kevin

and Denia MacMillian, for breach of contract, claiming about $100,000 in unpaid construction services that US Construction had provided to the MacMillians. Adversary No. 23-08016, Dkt. 1.

In March 2023, the MacMillians filed a motion requesting that the district court withdraw the reference of the adversary proceeding. Adversary No. 23-08016, Dkt. 9. In response to the defendants' motion to withdraw the reference, the bankruptcy court issued a report recommending that this court withdraw the reference for the adversary proceeding filed as Adversary No. 23-8016. Dkt. 1.

Under 28 U.S.C. § 157, "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." In accordance with this provision, Southern District of Texas General Order 2012-6 requires automatic referral to bankruptcy judges for all such cases. The subject adversary case fit this bill, and it was automatically referred.

But a "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). This includes adversary proceedings. *See, e.g., In re Luca Int'l Grp., LLC*, 15-34221, 2022

WL 17722698 at * 2 (Bankr. S.D. Tex. Oct. 27, 2022); *In re Arena Energy, LP*, 20-34215, 2021 WL 8016713 at * 6 (Bankr. S.D. Tex. Apr. 27, 2021). The Fifth Circuit has provided guidance in deciding whether cause for permissive withdrawal exists:

> Permissive withdrawal for cause shown requires a court to examine the following factors: is the matter core or noncore? Do the proceedings involve a jury demand? Would withdrawal further uniformity in bankruptcy administration? Would withdrawal reduce forum-shopping and confusion? Would withdrawal foster economical use of resources? Would withdrawal expedite the bankruptcy process?

*Levine v. M & A Custom Home Builder & Dev., LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008) (Rosenthal, J.) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985), and *In re OCA, Inc.* 2007 WL 1728914, *3 (E.D. La. 2007)).

Bankruptcy Judge Jeffrey Norman, by report and recommendation, has carefully analyzed the relevant factors and concluded that the court should withdraw the reference because (1) the non-core, state-law nature of the claims constitutionally prohibits the bankruptcy court from entering a final judgment, (2) there is no risk of forum shopping because the bankruptcy court has not issued any rulings against the defendants, (3) economical use of the parties' resources will be fostered because the bankruptcy court has not yet held any hearings in this adversary proceeding,

(4) and the defendants have asserted a right to a jury trial. *See* Dkt. 1 at 3. Judge Norman also recommended that the court refer the case to him for all pretrial purposes because "the plaintiff trustee is litigating several similar adversary proceedings related to the underlying debtor." *Id.* at 4.

Having considered the recommendation and applicable law, the court adopts Judge Norman's report and recommendation and withdraws the reference. In light of Judge Norman's familiarity with the plaintiff and underlying debtor, this court also adopts his recommendation that the bankruptcy court handle all pretrial matters. The reference is withdrawn for trial only. All pretrial matters remain in the bankruptcy court.

Signed on Galveston Island this 8th day of May, 2023.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE